MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Katherine S., the female biological parent of the five children, and also to terminate the parental rights of these children's male biological parents. Those male parents are Richard S., the father of Ashley and Tyler; George B. also known as Richard B., the acknowledged father of Nicholas; George R., allegedly the father of Houston R. and Robert S., the putative father of Lyndsea. A Consent to Terminate Parental Rights was filed by the children's female biological parent as to all five children on the day scheduled for the contested hearing, October 20, 1997. A consent was also filed by Richard S. on November 21, 1996, with respect to the children Ashley and Tyler. George R., the father of Houston, signed a consent on the morning of trial consenting to the termination of his parental rights as to Houston. Two of the male biological parents, Robert S. and George B., have not signed consents and, accordingly, certain findings must be made with respect to those two individuals.
With respect to the consents which have been signed and presented to the court, those consents are found to have been CT Page 10750 voluntarily and knowingly executed with the advice and assistance of competent legal counsel and with a full understanding of the legal consequences of the actions of the respective fathers.
The court finds that the neither George B. a/k/a Richard B., nor Robert S. have actually appeared in this case. They have both been served by constructive notice at addresses believed to be accurate at the time of publication. An attorney was appointed to represent their interests and the attorney used exceptional vigor in attempting to locate those missing individuals, including an Internet search. (Respondent Father's Exhibit A.) The court finds that those two individuals have had constructive notice of the pendency of this proceeding and have failed to appear for the termination of parental rights hearing. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify this family.
The court having read the verified petitions, the social studies and the various documents entered into evidence, makes the following findings by clear and convincing evidence.
The court finds the following relevant facts. The children were born as follows: Ashley on August 1, 1984; Tyler on June 22, 1986: Nicholas on June 3, 1989, Houston on March 31, 1993, and Lyndsea was born on August 25, 1995. The parents of Ashley and Tyler were married on November 17, 1984. This father, Richard S., was the only one of the children's male biological parents to serve in a parental role. Katherine and Richard were reportedly divorced on January 30, 1986. As indicated earlier, he has consented to the termination of his parental rights. None of the other male biological figures ever served or offered to serve as a parental resource for the children.
Richard W. B. is also known as George. His social security # is ___-__-____. To the knowledge of the Department of Children and Families (DCF), George has had no contact with Nicholas, who is now seven years of age. The putative father of Lyndsea is Robert S. He was romantically involved with Lyndsea's mother at the time of her conception. Katherine names him as Lyndsea's father. He has denied paternity, does not wish to be involved and has failed to attend court sessions or administrative case reviews regarding Lyndsea even though he has been notified of those proceedings. He has not provided an physical, emotional or financial care to Lyndsea. CT Page 10751
Dr. Barbara Berkowitz reports that the three oldest children have all been extremely distressed ". . . before, during and after visitation in the past and Ms S. has a history of inappropriate, threatening and volatile behavior, . . the older children are psychologically very fragile . . . . the younger children have little or no relationship with their mother, as they spent almost their entire lives in foster care placements." After a full analysis of the children's situation and history, Dr. Berkowitz concluded that all five children should be freed for adoption for reasons set forth in her report. She concluded that the best interest of the children would be served by such a result.(Petitioner's Exhibit #1) DCF and the children's attorney join in this position.
ADJUDICATION
The court finds by clear and convincing evidence, that George W. B., a/k/a Richard B., the father of the minor child Nicholas, has abandoned the child in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. G.S. 17a-112(c) (3)(A). The court finds that this ground has existed for more than one year.
The court further finds, by clear and convincing evidence, that Robert S., the father of the minor child Lyndsea S., has abandoned the child in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. G.S. 17a-112(c) (3)(A).The court finds that this ground has existed for more than one year.
The mother Katherine S. and the fathers Richard S. and George R. have consented to the termination of their parental rights and their consents have been accepted by the court.
MANDATORY FINDINGS
With respect to the mandatory factual findings required by General Statutes § 17a-112(e), [they do not apply to the consenting mother or the consenting fathers]:
1) The timeliness, nature and extent of services offered. The court finds that parental, psychological and psychiatric services CT Page 10752 were offered, visitation was offered and foster care was provided by DCF to the mother and children. (See Exhibits #4 and #7).
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Child Welfare Act of 1980. The male biological parents, George and Robert, took no interest in the children and were not available for the delivery of services.
3) The terms of applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations, etc. Not applicable to these disinterested male parents.
4) The feelings and emotional ties of the child with respect to the parents and foster parents, etc. The court finds that no presently existing positive emotional bonds will be broken by termination of the parent's rights.
5) As to the age of the child. The children are 13, 11, 7, 4 and 2 years of age. Our Supreme Court has long recognized the deleterious effect of prolonged temporary care of abused and neglected children. In re Juvenile Appeal (84-CD), 189 Conn. 276
(1983). The Appellate Court has also correctly noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence. . ." In re AlexanderV., 25 Conn. App. 741, 748, 596 A.2d 930 (1992); see generally, JOSEPH GOLDSTEIN, ET AL., BEYOND THE BEST INTERESTS OF THE CHILD (1979).
6) The efforts the parents have made to adjust their circumstances or conditions. The male biological parents, George and Robert, took no interest in the children and were not available for the delivery of services. The court finds that the fathers in question have been unsuccessful in making any meaningful attempt to adjust their circumstances, conduct or condition to facilitate reunification.
7) The court finds that there has been nothing to prevent the parents from maintaining a meaningful relationship with the child. There was no unreasonable conduct on the part of DCF noted. The children's reaction to the visitation robustly indicated that continued visitation was not appropriate. These male parents took no interest in their offspring. CT Page 10753
DISPOSITION
The court finds, based upon the testimony and evidence presented, that it would be in the children's best interest to terminate their parent's rights. This finding is made after considering the children's sense of time, their need for a secure and permanent environment. the relationship that the children have with their foster parents, and the totality of circumstances that the termination of parental rights is in the children's best interest. In re Juvenile Appeal (Anonymous), supra,177 Conn. at 667-68.
Based upon the foregoing findings, a termination of parental rights shall enter with respect to the mother Katherine S and the male biological parents of each child and, accordingly, a termination of their parental rights is ordered. It is further ordered that the Commissioner of DCF is appointed statutory parent for these child for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Francis J. Foley, Presiding Judge Child Protection Session